LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On August 16, 2004, Thomas Byrd purchased a 2004 model Holiday Rambler recreational vehicle (RV) from Paw Paw’s Camper City in Saucier, Mississippi. During the sale, Byrd asked twice for the warranty history on the RV. According to Byrd, the sales manager said that he would give a copy to Byrd’s wife, Kathleen, the next morning when the RV was delivered. The sales manager assured Byrd that the RV was fine and not to worry. Byrd completed the necessary paperwork to finance the RV. The warranty history was not received the next day. Almost a year passed before the Byrds learned that the RV had been previously damaged. Before Paw Paw’s took possession of the RV, the RV was damaged by a hit-and-run driver while in delivery transit damaging three cargo doors and the exterior paint. The transport company, Horizon Transport, was in possession of the RV at the time of the accident and paid the repair costs. The cost of repairs totaled $1,593.16. Byrd took the RV in for additional repairs after finding out about the previous damage. The repair shop determined that an additional $5,136.56 in repairs was needed.
¶ 2. Byrd filed a complaint against Paw Paw’s in the Circuit Court of Harrison County, First Judicial District, on August 16, 2005, citing misrepresentation, fraudulent inducement, breach of implied and express warranties, and breach of contract. Paw Paw’s filed a motion for summary judgment which was granted by the trial court on October 3, 2006.
¶3. On appeal to this Court, Byrd argues that the trial court erred in granting *1253 Paw Paw’s motion for summary judgment. Finding no error, we affirm.
STANDARD OF REVIEW
¶4. This Court applies a de novo standard of review to the grant or denial of summary judgment by a trial court. Leffler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss.2004). When the evidence is considered in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. M.R.C.P. 56(c); Russell v. Orr, 700 So.2d 619, 622(¶ 10).(Miss.1997).
DISCUSSION
¶ 5. Byrd argues that the circuit court erred in granting summary judgment in favor of Paw Paw’s because Paw Paw’s used unfair and deceptive trade practices and violated implied and express warranties by selling him a previously damaged RV. Byrd also alleges fraud and material misrepresentation for the failure to disclose the vehicle’s history when it was specifically requested. Paw Paw’s argues that Regulation One issued by the State of Mississippi Motor Vehicle Commission did not require the disclosure of the prior damage to the RV. Regulation One governs damage disclosure; it states:
On any vehicle, corrected damage exceeding six percent (6%) of the manufacturer’s suggested retail price, as measured by retail repair costs, must be disclosed in writing prior to dealer transfers and consumer deliveries. Damage to glass, tires and bumpers and any damaged components or options which- can be replaced by identical components are excluded from the six percent (6%) regulation when replaced by identical manufacturer’s original equipment.
This regulation does not waive or alter any requirements or obligations which may be created by other Federal or State laws and regulations.
The Manufacturer’s Suggested Retail Price (MSRP) of the RV that Byrd purchased was $152,983. The damage caused by the hit-and-run was $1,593.16, approximately one percent of the MSRP. Since the damage was less than six percent, Paw Paw’s was not required to disclose the damage to the purchaser. Further, the damaged parts were replaced with original manufacturer’s parts and are excluded from the six percent. Even with the additional repair estimate of $5,136.56 that Byrd received when he discovered the RV’s history, the damage would have totaled $6,729.72, still falling short of six percent. In addition, the estimate does not suggest that the repairs needed nearly a year later related to any pre-existing-damage to the RV. We cannot find that Paw Paw’s breached any implied or express warranties or used unfair and deceptive trade practices.
¶ 6. Byrd next argues that regardless of the amount of the damage, Paw Paw’s was still required to disclose the prior damage under Mississippi Code Annotated Section 75-24-5(2)(f)-(g) (Rev. 2002). Section 75-24-5(2)(f)-(g), prohibited acts or practices, states in part:
Without limiting the scope of subsection (1) of this section, the following unfair methods of competition and unfair or deceptive trade practices or acts in the conduct of any trade or commerce are hereby prohibited:
(f) Representing that goods are original or new if they are reconditioned, reclaimed, used, or secondhand;
(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
Paw Paw’s did not violate either of these subsections. The RV and the replacement *1254 parts used to repair the damage were new. The RV met all applicable standards and was merchantable and fit for ordinary use. We find that the trial court was Correct in finding that the issue of disclosure was answered without exceeding the confines of Regulation One.
¶ 7. Finally, Byrd asserts breach of contract. However, Byrd has not shown that he suffered an actual injury as the result of purchasing a previously damaged RV. Byrd asserts that the additional repair estimate of $5,136.56 is evidence of injury as well as any decrease in the resale value of the RV. However, no causal connection was made between Byrd’s repair estimate and the prior damage. Also, the RV as delivered was in new condition and no evidence was presented to show that the value of the RV would be diminished upon resale.
¶ 8. After reviewing the record, we can find no genuine issue of material fact. We find that the trial court correctly granted summary judgment in favor of Paw Paw’s.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.